**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**MARYELLEN NOREIKA**
(302) 351-9278
(302) 425-3011 FAX
mnoreika@mnat.com

November 4, 2015 - Original Filing Date
November 11, 2015 - Redacted Filing Date

The Honorable Sue L. Robinson            REDACTED -
United States District Court               PUBLIC VERSION
   For the District of Delaware
844 King Street
Wilmington, DE 19801

         Re:     *Pfizer Inc., et al. v. Fresenius Kabi USA, LLC*
                C.A. No. 13-1893 (SLR)

Dear Judge Robinson:

       We write on behalf of Pfizer in response to Fresenius Kabi's November 2 letter. While Pfizer appreciates that Fresenius Kabi has now abandoned its defenses under section 112 and several of its inequitable conduct theories, its letter does little to address the core issues raised by Your Honor at the hearing last week: narrowing the scope of Fresenius Kabi's obviousness case, and avoiding the potential for a duplicative or inconsistent judgment with the Federal Circuit.

       As to the obviousness issues, Fresenius Kabi has purported to narrow its case to four prior art combinations: (1) Testa in combination with Zhang; (2) '030 patent in combination with Zhang; (3) Testa in combination with CN '550; and (4) '030 patent in combination with CN '550. Fresenius Kabi then proceeds to obscure this apparent limitation, announcing that at trial, it "will be referring to other prior art references [from the nineteen references disclosed in the pretrial order] in addition to the primary combinations," including "to buttress the prior art combinations." Ltr. at 2.

       Far from narrowing to avoid overlap with the references before the Federal Circuit, the identified combinations only exacerbate the potential for duplication or inconsistencies between this Court's holding on invalidity and the holding of the Federal Circuit. The key reference before the Federal Circuit – CN '550 – is also the key reference in two of Fresenius Kabi's four combinations. Likewise, the other proposed lead reference, Zhang, was the subject of a ground of invalidity urged by Apotex in the IPR, which the PTAB rejected as "redundant" of the CN '550 combination on which trial was instituted. Ex. 1, *Apotex Inc. v. Wyeth LLC*, IPR2014-00115, Institution of *Inter Partes* Review (April 12, 2014) at p. 9.

The Honorable Sue L. Robinson
November 4, 2015
Page 2

Fresenius Kabi tries to escape this overlap by contending that the subsidiary references before the Federal Circuit – Pawelczyk and Naggar – are not part of its combination of references here. This is simply untrue: Pawelczyk and Naggar are among the fifteen additional references on which Fresenius Kabi intends to rely on to "buttress" its obviousness arguments. Simply omitting these references from its heading does not change the fact that both this Court and the Federal Circuit will be asked to address their disclosures and import.

Fresenius Kabi also attempts to obscure the overlap by characterizing the PTAB's decision as merely relating to the absence of a reference teaching tigecycline. But the PTAB's opinion is much broader: it squarely rejected the notion that a person of ordinary skill in the art would look to the CN '550 reference at all to address the chemical stability problem to which the patent is directed. "We find Patent Owner's arguments, that a person having ordinary skill in the art would not have looked to a reference [CN '550] that does not mention epimerization in order to solve the problem of epimeric instability of tigecycline compositions, to be persuasive." Ex. 2, *Apotex Inc. v. Wyeth LLC*, IPR2014-00115, Final Decision (April 20, 2015) at p. 18. This argument has nothing to do with the presence or absence of any teaching regarding tigecycline, and it directly refutes Fresenius Kabi's assertion here that a person of skill would be motivated to look to CN '550 because it "taught a stable tetracycline formulation at acidic pH." Ex. 3, Report of Fresenius Kabi Expert Dr. Umesh Banakar (April 22, 2015) at ¶ 341. Accordingly, both this Court and the Federal Circuit would be confronted with the same argument: whether the person of ordinary skill would have relied on CN '550 or the redundant Zhang reference.

Moreover, even with respect to the use of tigecycline in place of the minocycline in CN '550, Fresenius Kabi advances precisely the same arguments rejected by the PTAB and on review at the Federal Circuit. Fresenius Kabi asserts here that a person of skill would have been motivated to substitute tigecycline for the minocycline in the CN '550 formulations because "one would have known that it is a minocycline analog and that both minocycline and tigecycline are tetracyclines, a fact that the '828 patent also admits." Ex. 3, Report of Dr. Umesh Banakar (April 22, 2015) at ¶ 341. This argument is indistinguishable from Apotex's argument in the IPR that a person of ordinary skill in the art would begin with the CN '550 formulation containing minocycline and then "similarly stabilize and improve a composition containing the analog antibiotic tigecycline." Ex. 4, *Apotex Inc. v. Wyeth LLC*, IPR2014-00115, Petition for *Inter Partes* Review (November 1, 2013) at p. 39. Both Fresenius Kabi here and Apotex on appeal assert that CN '550 disclosed a stable formulation of minocycline and that a person of ordinary skill would have been motivated to substitute tigecycline into the formulation because it was a known analog of minocycline.[1]

Beyond the clear overlap of factual issues, the core legal argument advanced by Fresenius Kabi in this case is identical to the argument raised by Apotex before the PTAB and on appeal. The patent is directed to compositions that addressed the major problem in the field at the time –

---

[1] Even Fresenius Kabi's inequitable conduct argument attacking data showing unexpected properties implicates the appeal, where unexpected properties will be shown using that very data.

The Honorable Sue L. Robinson
November 4, 2015
Page 3

the chemical instability or degradation of tigecycline. Fresenius Kabi invites this Court to ignore the degradation problem in the obviousness inquiry, arguing that "it is not necessary that the references be combined for the same reasons contemplated by the inventor." D.I. 199, Joint Pre-Trial Order, Ex. 3.2 at ¶ 56. Apotex raises precisely the same issue on appeal, asserting that the PTAB erred when it "limited its motivation analysis to only the problem the patentee was trying to solve" and that "other motivations" beyond the degradation problem should have been considered. Ex. 5, *Apotex Inc. v. Wyeth LLC,* Appeal No. 15-1871, Op. Bf. for Ap. at 3, 27.

Fresenius Kabi's letter also misstates the law regarding the consequence of the forthcoming Federal Circuit ruling in this case. While a decision in the pending appeal from Apotex's IPR may not have preclusive effect on *Fresenius Kabi*, the Federal Circuit has been clear that "[d]istrict courts are not free to ignore holdings of this court that bear on cases before them." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996). The cases Fresenius Kabi cites are not to the contrary. None of those cases considers whether a district court may issue an opinion that conflicts with a Federal Circuit finding regarding validity. Rather, they stand for the uncontroversial proposition that different arguments, based on different art or under different standards of proof, can lead to different outcomes with respect to validity among district courts and the PTO, especially when the PTO finds a patent invalid under a lower preponderance of the evidence standard after it has been upheld by a district court on a higher clear and convincing standard. *In re Swanson*, 540 F.3d 1368, 1377-1378 (Fed. Cir. 2008). The opposite is the case here. Not only has the '828 patent been *upheld* under a lower standard of proof for the challenger and without the presumption of validity, but as articulated above, that holding addressed many of the same arguments the Fresenius Kabi is advancing here. The Federal Circuit's factual determinations regarding the scope and meaning of the prior art, what the person of ordinary skill would or would not have had reason to make or use, or the expectation of success, are controlling. The same is true of the Federal Circuit's legal conclusion as to the non-obviousness of the claimed invention over the asserted prior art. *Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301, 1307 (Fed. Cir. 2011).

In short, Fresenius Kabi's obviousness case is inextricably intertwined with the issues the Federal Circuit will be considering at the same time as this Court. Even if Fresenius Kabi is not formally precluded by that judgment, its litigation of this case at this juncture asks this Court to render a judgment that is duplicative or inconsistent with the Federal Circuit on virtually the same issues. Given the posture of the case, and the issues Fresenius Kabi intends to litigate, Pfizer respectfully submits that the more prudent course of action would be for the Court to wait until after a Federal Circuit ruling to hear the case.



The Honorable Sue L. Robinson
November 4, 2015
Page 4



    Finally, when the trial ultimately moves forward, the Court has asked the parties to think creatively about narrowing the issues to minimize trial time.  To that end, Pfizer will agree to call one, rather than two, inventors on the '828 patent, if Fresenius Kabi will agree not to object to the inventor testifying about documents and emails he did not personally receive in order to obviate the testimony of a second witness as to those documents.  Finally, Pfizer reiterates its concern that Fresenius Kabi intends to call three different witnesses, including two chemists (Drs. Sherman and Baik), to rebut the testimony of Pfizer's single chemistry expert on infringement.

    We are available at the Court's convenience to address any further questions.

    Respectfully,

    */s/ Maryellen Noreika*

    Maryellen Noreika (#3208)

MN/rah
Enclosure

cc:    Clerk of Court (via hand delivery; w/enclosure)
       All Counsel of Record (via electronic mail; w/enclosure)